IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IRIS GARCIA
    Reg. No. 04849-509

    Petitioner,

v.    Case No. 5:22cv290/TKW/MAL

WARDEN DR. PISTRO,
FCI MARIANNA

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for writ of habeas corpus on December 6, 2022. Doc. 1. Petitioner seeks sentencing credits she claims she is due under the First Step Act ("FSA") and an order compelling the BOP to cease from requiring her to have any percent of time served to qualify for home confinement. *Id.* at 3.

On December 8, 2022, the undersigned entered two separate orders in this case. First, the Court directed Petitioner to pay the $5.00 filing fee or file a motion to proceed in forma pauperis. Doc. 3. Second, the Court directed Petitioner to file an amended habeas petition to provide additional information or clarification on certain matters, along with two service copies thereof. Doc. 4. Petitioner was instructed to comply with each order on or before January 10, 2023, and she was warned that her

failure to timely comply with an order of the Court would result in a recommendation of dismissal of this case. The deadline elapsed, and Petitioner neither paid the filing fee nor submitted her amended petition and service copies.

On January 12, 2023, the undersigned entered an Order to Show Cause why this case should not be dismissed for Petitioner's failure to comply with a court order. Doc. 5. The order provided that the show cause order would be discharged if Petitioner complied with the December 8, 2022 order within the time provided. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded, and in fact she has filed nothing since initiating this action.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of her case, her petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on January 27, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.